IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIE R. BERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 03-CV-693-JHP-SAJ |
| ) | 03-CV-694-JHP-SAJ |
| STATE OF OKLAHOMA; ) | 03-CV-695-JHP-SAJ |
| DEPARTMENT OF CORRECTIONS; ) | |
| DIST. SUPVR. NEWTON-EMBRY ) | |
| (sued as Warden Emery), ) | |
| ) | |
| Respondents. ) | |

**<u>ORDER</u>**

On October 7, 2003, Petitioner, a state inmate appearing *pro se*, filed three (3) separate civil rights complaints. The complaints were assigned Case Nos. 03-CV-693, 03-CV-694, and 03-CV-695. By Orders filed November 21, 2003 (Dkt. #s 4 and 5), the Court consolidated the three cases and found that habeas corpus provided the exclusive remedy for the claims presented by Petitioner.[1] On December 15, 2003, in compliance with the Court's Order, Petitioner filed her petition (Dkt. # 6) and paid the full $5.00 filing fee. In response to the petition, Respondent filed a motion to dismiss for failure to file within the one-year limitations period (Dkt. # 11). Petitioner filed a response to the motion (Dkt. # 15). For the reasons discussed below, the Court finds Petitioner failed to seek habeas corpus relief prior to expiration of the limitations period. Therefore, the motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

---

[1] In her civil rights complaints, Petitioner claimed that her right to due process was violated when she was sentenced in violation of the terms of her plea agreement. She requested that she "receive credit for time served on current case CF-99-2369, 7 yr. sentence, due to error of Tulsa County Courthouse and all parties involved." (Dkt. # 1).

## BACKGROUND

The record before the Court demonstrates that on October 22, 1999, Petitioner was sentenced following conviction on her pleas of guilty in Tulsa County District Court, Case Nos. CF-1999-1862, CF-1999-171, and CF-1999-2369. See Dkt. # 12, Exs. A, B, and C. In CF-1999-1862, Petitioner was sentenced to ten (10) years imprisonment to be served concurrently with her one (1) year sentence in CF-1999-171 and consecutive to her seven (7) year sentence in CF-1999-2369. See Dkt. # 12, Ex. A. In CF-1999-171, Petitioner was sentenced to one (1) year under custody and control of the Tulsa County Jail, to be served concurrently with CF-1999-1862 and CF-1999-2369. See Dkt. # 12, Ex. B. In Case No. CF-1999-2369, Petitioner was sentenced to seven (7) years imprisonment, to be served consecutive to the ten (10) year sentence in CF-1999-1862. See Dkt. # 1, attachment. Petitioner did not move to withdraw her guilty pleas and did not otherwise perfect direct appeals.

On August 25, 2000, Petitioner filed an application for post-conviction relief in Case Nos. CF-99-1862 and CF-99-2369. See Dkt. # 12, Exs. A and C. By orders mailed to Petitioner on October 16 and 17, 2000, the state district court denied post-conviction relief (id.). Petitioner did not appeal the denial of post-conviction relief to the Oklahoma Court of Criminal Appeals ("OCCA"). However, the record reflects that on January 2, 2003, an Amended Judgment was filed in Tulsa County District Court, Case No. CF-1999-1862. See Dkt. # 1, attachment; Dkt. # 12, Ex. A. The Amended Judgment provides that Petitioner was sentenced to ten (10) years, to run concurrent with Tulsa County Case No. CF-1999-171 and Oklahoma County Case No. CF-98-8610. The Amended Judgment did not alter the fact that the sentences entered in Tulsa County Case Nos.

2

CF-1999-1862 and CF-1999-2369 were to be served consecutively.

In addition, by motion filed August 18, 2000, Petitioner sought production of documents and records in Case Nos. CF-1999-1862 and CF-1999-2369. That motion was denied on September 1, 2000. See Dkt. # 12, Exs. A and C.

On October 23, 2002, Petitioner filed a petition for writ of habeas corpus in Case No. CF-1999-171. See Dkt. # 12, Ex. B. That application was denied by order mailed to Petitioner on November 25, 2002. Id. Petitioner did not appeal to the OCCA.

On October 7, 2003, Petitioner filed her complaints in this Court, seeking habeas relief.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations. Because Petitioner failed to perfect a direct appeal, her convictions became final, pursuant to § 2244(d)(1)(A), ten (10) days after entry of her Judgment and Sentences, or on November 1, 1999. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, her one-year limitations clock began to run on November 1, 1999,[2] and, absent a tolling event, a federal petition for writ of habeas corpus filed after November 1, 2000, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Before the federal deadline, Petitioner sought post-conviction relief as to her convictions in CF-1999-1862 and CF-1999-2369. She filed her application on August 25, 2000. Pursuant to § 2244(d)(2), the limitations clock was suspended at that point and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. The district court denied relief by orders mailed to Petitioner on October 16 and 17, 2000. Petitioner did not

---

[2]Because Petitioner's habeas claims are predicated on events surrounding entry of her original judgments and sentences, the Court's limitations analysis is not impacted by the subsequent entry of an amended judgment in Case No. CF-1999-1862. See Williams v. Beck, 115 Fed.Appx. 32, 33 (10th Cir. 2004).

4

commence a post-conviction appeal within the 30-day period provided under Oklahoma law. However, the limitations clock did not begin to run again until the thirty (30) day time period for filing a timely post-conviction appeal had lapsed. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is tolled for the thirty days during which a petitioner could have filed a timely appeal of the state court's denial of an application for post-conviction relief). Therefore, the limitations clock began to run again thirty (30) days after the state district court denied post-conviction relief, or on November 16, 2000, at the latest. Thus, the federal limitations period was tolled from August 25, 2000, through November 16, 2000, or for 83 days. Petitioner's new deadline for seeking federal habeas corpus relief was extended 83 days beyond November 1, 2000, or to January 23, 2001.[3]

The Court finds Petitioner is not entitled to further statutory tolling as a result of the filing of her petition for writ of habeas corpus in Case No. CF-1999-171. That petition was filed October 23, 2002, or after expiration of the limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); see also Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D. N.Y. 1998). As a result, the proceedings on Petitioner's state petition for writ of habeas corpus did not toll the limitations period in this case. Therefore, Petitioner's federal habeas claims, first raised in the civil rights complaints filed October 7, 2003, appear to be untimely.

In response to Respondent's motion to dismiss (Dkt. # 15), Petitioner argues that she is entitled to equitable tolling of the limitations period because she received misleading information

---

[3]Petitioner is not entitled to additional tolling of the one-year period for the time her motion for production of documents and records was pending as such motion does not seek collateral review of the judgment. See 28 U.S.C. § 2244(d)(2); May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003).

from her attorney. Specifically, she complains that her attorney never gave her information concerning the AEDPA and its time constraints. See Dkt. #s 14 and 15. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent her from timely filing her petition, but the prisoner must demonstrate she has diligently pursued her claims to avail herself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998). The record before the Court clearly demonstrates that Petitioner did not diligently pursue her claims. Petitioner did not move to withdraw her guilty pleas and did not pursue post-conviction appeals after the state district court denied her applications for post-conviction relief. Furthermore, almost three (3) years passed before Petitioner filed her federal complaints after her applications for post-conviction relief were denied. The fact that Petitioner now alleges that she was denied the effective assistance of counsel concerning the AEDPA and its limitations period does not alter the Court's conclusion that Petitioner failed to pursue her claims diligently. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Salazar v. Lemaster, 130 Fed.Appx. 208, 210 (10th Cir. 2005); Weibley v. Kaiser, 50 Fed.Appx. 399, 403 (10th Cir. 2002). Petitioner is not entitled to equitable tolling of the limitations period. The Court concludes that this action is time-barred.

## *CONCLUSION*

Because Petitioner failed to file her petition for writ of habeas corpus within the one-year limitation period, see 28 U.S.C. § 2244(d), Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 11) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 6) is **dismissed with prejudice**.

3. This is a final Order terminating Case Nos. 03-CV-693-JHP, 03-CV-694-JHP, and 03-CV-695-JHP.

SO ORDERED THIS 19th day of July 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma